**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARLANDA ARNAY SMITH, : | |
| INMATE NO. 00158084, : | CIVIL RIGHTS |
| Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-CV-0040-RWS |
| LINDA CARTER, : | |
| Defendant. : | |

**ORDER AND OPINION**

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.   Discussion

According to Plaintiff, on June 6, 2007, "the DeKalb Superior Court issued its Order denying Plaintiff's Request To Proceed In Forma Pauperis on his Petition for Writ of Habeas Corpus." (Doc. 1 at 3).   Plaintiff sought to appeal that Order and leave to appeal as an indigent. (Id. at 4).  Plaintiff alleges that Defendant Linda Carter, Clerk of Court for the Superior Court of DeKalb County, "failed to perform her lawful duty to present Plaintiff's Notice of Appeal and Request To Proceed In Forma Pauperis on appeal to the DeKalb County Superior Court Judge." (Id.).  In an effort to compel Defendant to file his notice of appeal and request to appeal as an indigent, Plaintiff filed a petition for a writ of mandamus. (Id.).  On November 30, 2007, Plaintiff was denied leave to file his mandamus petition in forma pauperis. (Id.).  Plaintiff has not sought to have that decision reviewed in a Georgia appellate court. (Id.).

Plaintiff alleges that Defendant has denied him access to the courts in violation of the First Amendment. (Id. at 3).  As relief, Plaintiff seeks "an order directing the Defendant to present Plaintiff's Notice of Appeal and Request To Proceed In Forma Pauperis on appeal to a DeKalb County Superior Court Judge immediately." (Id. at 5).

3

Plaintiff's requested relief is "in the nature of mandamus." 28 U.S.C. § 1361. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Id. Federal courts have no general power to issue writs of mandamus against state officials. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (5th Cir.), cert. denied 454 U.S. 1126 (1981). As this Court cannot grant Plaintiff the relief he seeks, this action should be dismissed.

III.  Conclusion

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, the instant 42 U.S.C. § 1983 civil rights action is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this  28th  day of January, 2008.

_RICHARD W. STORY_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)